IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:-02-CR-309-BO-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| SANTONIA W. GODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Terminate Probation. [DE 50]. As defendant is on supervised release, not probation, the Court construes the Motion as a request for early termination of supervised release. The government has responded [DE 53], and the matter is ripe for ruling.

Mr. Godwin pled guilty to possession with the intent to distribute 50 grams or more of crack cocaine in violation of of 21 U.S.C. § 841(a)(1) on May 14, 2003. He was sentenced to 132 months in the custody of the Bureau of Prisons followed by 60 months of supervised release. Defendant's sentence was later reduced to 96 months' imprisonment. Mr. Godwin was released from the custody of the Bureau of Prisons and his supervised release commenced on August 13, 2010.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The

conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice."). The Court has wide discretion in determining whether to terminate a defendant's supervised release prior to expiration of the term. *Id.*

Defendant argues that he has been a gainfully employed and productive citizen since his release. In support of his argument, Mr. Godwin states that he has obtained, *inter alia*, a BioWorks certification from Johnston County Community College and a CDL permit. Unfortunately for Mr. Godwin, however, he has not been entirely compliant with the terms of his supervised release. In December 15, 2013, he admitted to slapping his girlfriend and agreed to a modification of his supervised release conditions to participate in a mental health treatment program. [DE 49]. On March 11, 2014, July 18, 2014, and January 8, 2015, Mr. Godwin tested positive for marijuana. [DE 53–2, 53–3, 53–4]. On the same date that he filed the instant Motion, defendant admitted to his probation officer that he used marijuana on January 8, 2015.

Given Mr. Godwin's continued criminal conduct, the Court does not find that early termination would promote respect for the law, afford adequate deterrence to criminal conduct, or protect the public from further crimes of the defendant as set forth in 18 U.S.C. § 3553(a). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010). Mr. Godwin's success in finding stable employment and furthering his education demonstrate that he is on the right path, but his behavior on supervision indicates that he would continue to benefit from oversight in order to deter his continued criminal conduct.

2

After considering the requisite factors laid out in § 3553(a), the Court finds that Mr. Godwin's supervised release term continues to appear sufficient but not greater than necessary to deter criminal conduct and protect the public. Accordingly, defendant's Motion is DENIED.

SO ORDERED, this 2 day of ~~February~~ March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE